**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
| | | |
|---|---|---|
| Norma Bonilla, | : | Civil No. 1:24-cv-08284-GS |
| | : | |
| Plaintiff, | : | Motion for Attorney's Fees |
| | : | Pursuant to the Equal Access to Justice Act |
| v. | : | 28 U.S.C. §2412 |
| | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------------------x

**COUNSEL:**

**PLEASE TAKE NOTICE** that upon the annexed affidavit of Daniel Berger, attorney for the plaintiff, and the other papers, the plaintiff makes a motion before this Court, for an order:

1. Awarding attorney's fees plus costs in the sum of $9,903.00 pursuant to the Equal Access to Justice Act; and
2. Granting such other and further relief as may be deemed just and proper.

Plaintiff, by and through his attorney, Daniel Berger, hereby moves the court to award attorney's fees to be paid by the defendant pursuant to the Equal Access to Justice Act, 28, USC §2412. Plaintiff asks for an award of attorney's fees in the amount of $9,903.00 to be paid to plaintiff's attorney calculated at the rate of $255.00 per hour for 38.6 hours of work performed, and $100.00 per hour for 0.6 hours of work performed by paralegal on this case in Federal Court.

Plaintiff is entitled to receive attorney's fees pursuant to the Equal Access to Justice Act because he is the prevailing party in this action, is an individual whose net worth did not exceed two million dollars at the time the action was filed as is demonstrated by plaintiff's attached signed affidavit, IFP application, and the position of the United States in this litigation and at the agency was not substantially justified. Although the burden of proof on the issue of substantial justification is on the government, plaintiff's supporting memorandum briefly addresses this issue.

There are no special circumstances in this case which make an award under the EAJA unjust.

This motion is supported by the affidavit of plaintiff and the affidavit of plaintiff's attorney, memorandum, federal court retainer signed by plaintiff, and plaintiff's signed IFP application.

Dated at Bronx, NY this September 17, 2025

Respectfully submitted,

The parties are directed to meet and confer to discuss Plaintiff's motion for attorney's fees. By no later than Monday, October 6, 2025, the Government shall respond to Plaintiff's motion identifying any areas of disagreement or, in lieu thereof, the parties shall submit a stipulation for allowance of fees by that deadline.

*Daniel Berger*

Daniel Berger

Attorney for Plaintiff

Law Office of Daniel Berger

1000 Grand Concourse, Suite 1A

Bronx, NY 10451

Date:   September 19, 2025
        New York, NY

SO ORDERED:

*Gary Stein*

HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE

Norma Bonilla v. Commissioner of Social Security
Civil No. 1:24-cv-08284-GS

DANIEL BERGER
ATTORNEY AT LAW
1000 Grand Concourse,
Bronx, New York 10451

―――

PHONE (718) 588-4715
FAX (718) 588-7319

**Norma Bonilla v. Commissioner of Social Security**
**Civil No. 1:24-cv-08284-GS**

**Time Entry**

**09/16/2024: 1.5 hours. Review of Record; Attorney**

Attorney reviewed case history, including client summary and medications, hearing notes, ALJ decision, Appeals Council denial, and exhibits of record.

**Time Entry**

**10/08/2024: 0.0 hours. Call to client; Paralegal**

Paralegal called client to inform client that attorney has reviewed case and decided to take case to Federal Court. Paralegal scheduled an appointment for client to sign necessary documents.

**Time Entry**

**10/22/2024: 0.5 hours. Visit from client; Attorney**

Client met with attorney and discussed Federal Court process. Client signed necessary papers to file civil action in Federal Court.

**Time Entry**

**10/31/2024: 0.2 hours. Drafting; Attorney**

Attorney drafted civil cover sheet, complaint, and summons to file civil action in Federal Court.

**Time Entry**

**10/31/2024: 0.0 hours. Copies; Paralegal**

Paralegal made required copies of documents drafted by attorney.

Norma Bonilla v. Commissioner of Social Security
Civil No. 1:24-cv-08284-GS

**Time Entry**

**10/31/2024: 0.5 hours. Filing on ECF; Paralegal**

Paralegal filed Civil Action on ECF. Documents filed include Complaint, Civil Cover Sheet, IFP, and Summons.

**Time Entry**

**11/04/2024: 0.0 hours. Review of Docket Sheet; Attorney**

Attorney reviewed docket sheet including scheduling order and order granting IFP.

**Time Entry**

**11/06/2024: 0.0 hours. Proposed Consent to Jurisdiction By US Magistrate Judge; Attorney**

After Attorney consented, ARC Jonathan King filed consent to US Magistrate Judge via ECF.

**Time Entry**

**12/26/2024: 0.0 hours. Email from ARC; Attorney**

After Attorney consented, ARC King made a request for a 45-day extension of time to file the Certified Administrative Records (CAR), and a 69-day extension for the proposed briefing schedule.

**Time Entry**

**02/20/2025: 0.0 hours. Download of CAR and Review of Docket Sheet; Attorney**

Attorney reviewed docket sheet, answer to complaint. Attorney downloaded Administrative Record.

**Time Entry**

**02/20/2025: 0.1 hours. Call to client; Attorney**

Attorney called client.

**Time Entry**

**04/08/2025: 8.0 hours. Review of file; Attorney**

Review of file, hearing notes, certified administrative transcript, and record (1,532 pages).

**Time Entry**

2

Norma Bonilla v. Commissioner of Social Security
Civil No. 1:24-cv-08284-GS

**04/10/2025: 4.8 hours. Review of file; Attorney**

Review of file, hearing notes, certified administrative transcript, and record (1,532 pages).

**Time Entry**

**04/13/2025: 6.4 hours. Drafting; Attorney**

Attorney Prepared Statement of Facts. (10 pages, 13 footnotes)

**Time Entry**

**04/14/2025: 8.9 hours. Drafting and Research; Attorney**

Preparation of Memorandum of Law. Issues raised: The ALJ failed to obtain a medical opinion from a treating source and to adequately develop the record; The ALJ erred in finding Ms. Bonilla's mental impairments were non-severe; The ALJ failed to properly consider the finding of mild mental limitations in the RFC analysis.

**Time Entry**

**04/16/2025: 4.5 hours. Continued Drafting and Research; Attorney**

Attorney continued preparation of Memorandum of Law. Issues raised: The ALJ failed to properly consider Ms. Bonilla's asthma; The ALJ failed to present the full extent of Ms. Bonilla's limitations in the hypothetical to the VE and erred in relying on the VE's testimony.

**Time Entry**

**04/16/2025: 0.6 hours. Review and Edit; Attorney**

Edit Statement of Facts.

**Time Entry**

**04/16/2025: 2.4 hours. Review and Edit; Attorney**

Edit and Cite check Memorandum of Law, Shepardized cases, checked regulations, and created table of authorities.

**Time Entry**

**04/17/2025: 0.1 hours. Draft Table of Contents; Paralegal**

Paralegal drafted table of contents.

3

Norma Bonilla v. Commissioner of Social Security
Civil No. 1:24-cv-08284-GS

**Time Entry**

**04/17/2025: 0.0 hours Filing ECF; Attorney**

Attorney filed Motion for Judgment on the Pleadings and Memorandum of Law in Support via ECF.

**Time Entry**

**04/17/2025: 0.1 hours. Call to client; Attorney**

Attorney called client.

**Time Entry**

**06/17/2025: 0.0 hours. Proposed Stipulation and Order; Attorney**

After reviewing the Plaintiff's Motion for Judgment on the Pleadings and Memorandum of Law in Support, ARC King offered to remand this matter.

**Time Entry**

**06/20/2025: 0.0 hours. Review of Stipulation and Order; Attorney**

Attorney reviewed Stipulation and Order signed by Hon. U.S. Magistrate Judge Gary Stein on June 20, 2025.

**Time Entry**

**06/20/2025: 0.3 hours. Call to client; Attorney**

Attorney called client and informed client of remand. Attorney answered client's questions.

**Time Entry**

**09/17/2025: 0.3 Hours. Preparation of EAJA Request; Attorney**

Attorney prepared EAJA request.

_____

**ATTORNEY HRS: 38.6 x $255.00/HR = $9,843.00**

**PARALEGAL HRS: 0.6 x $100.00/HR = $60.00**

**Total Hours: 39.2**

4

**Norma Bonilla v. Commissioner of Social Security**
Civil No. 1:24-cv-08284-GS

**TOTAL FOR LEGAL SERVICES RENDERED: $9,903.00**

_____

Respectfully submitted,

*Daniel Berger*

Daniel Berger, Esq.

## FEDERAL COURT RETAINER AGREEMENT

The following is an AGREEMENT made on 10/22/2024 between Norma Bonilla ("CLAIMANT") residing 1029 Hall Place Apt. 32 Bronx, NY and Daniel Berger, ("COUNSEL")

This AGREEMENT specifies the Retainer relationship between the CLAIMANT(S) and the Attorneys for handling the claim for Social Security Disability benefits in Federal Court. It is agreed by the CLAIMANT that the Retainer shall be as follows:

1. If the litigation is successful, the CLAIMANT will pay 25% of the past due benefits. Under Social Security Regulations "past-due benefits" include such benefits payable to claimants and/or their families/dependents. Upon successful conclusion of Federal Court action, COUNSEL will move before the Federal Court for approval of a fee not to exceed 25% of retroactive benefits due to CLAIMANT.

2. CLAIMANT understands that if the amount approved by Federal Court is less than 25% of retroactive benefits then COUNSEL has the right to petition to the Social Security Administration for the balance, up to 25% of retroactive benefits for work performed at the Administrative level.

3. CLAIMANT agrees that COUNSEL is requesting direct payment of the EAJA fee approved by Federal Court.

4. In the event that the government erroneously releases the full retroactive amount to the CLAIMANT without withholding the attorney fee, the CLAIMANT understands that he/she will be responsible for immediately paying 25% of the total amount received (or the minimum fee, whichever is greater) to COUNSEL, to be held in escrow, pending receipt of the fee authorization from the Social Security Administration.

5. For the purposes of Section 406 of the Social Security DANIEL BERGER will be designated as the primary representative.

6. If the litigation is not successful, there will be no fee payable by the CLAIMANT to the law firm.

7. If the CLAIMANT discharges COUNSEL, and then his/her claim is successful, COUNSEL reserves the option to obtain fees for time spent handling CLAIMANT'S matter prior to discharge, on a *quantum meruit* basis. All such requests for fees pursuant to this paragraph will be submitted to the Social Security Administration for approval.

8. By signing below, CLAIMANT authorized COUNSEL to file any action necessary in Federal Court to further the claim for Disability.

_____  
DANIEL BERGER  
Attorney for Plaintiff  
1000 Grand Concourse, Suite 1A  
Bronx, NY 1451

_____  
Norma Bonilla  
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